Form: ICB-19001-01 rev. 01

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>Andrew B. Finberg<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38, Suite 580<br>Cherry Hill, NJ  08002-2977 | Order Filed on December 18, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>   Norman E. Rolle<br>   Aisha M. Rolle<br><br>                        Debtor(s) | Case No.: 23-16596 (JNP)<br><br>Hearing Date: 12/17/2025<br><br>Judge:    Jerrold N. Poslusny Jr. |

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through four(4) is hereby

**ORDERED**.

**DATED: December 18, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2 of 4
Debtor: Norman E. Rolle and Aisha M. Rolle
Case No.: 23-16596 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The modified plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with, particularly 11 USC § 1329; and for good cause show, it is

**ORDERED** that the modified plan of the above named debtor, dated 10/21/2025, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Andrew B. Finberg, the sum of $1,300.00 **for a period of 32 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together with $27,723.46 paid to date.

**ORDERED** that debtor shall pay.

Base dividend to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the Court.

Page 3 of 4
Debtor: Norman E. Rolle and Aisha M. Rolle
Case No.: 23-16596 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.R.Bank. P.3002.

Page 4 of 4
Debtor: Norman E. Rolle and Aisha M. Rolle
Case No.: 23-16596 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration of the applicate bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the benefit of the unsecured creditors.

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be used for the benefit of the unsecured creditors.

**ORDERED** as follows:

   Total plan length of 60 months.

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-16596-JNP |
| Norman E. Rolle | Chapter 13 |
| Aisha M. Rolle | |
|     Debtors | |

# CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 2
Date Rcvd: Dec 18, 2025    Form ID: pdf903    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol       Definition**
+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 20, 2025:**

**Recip ID       Recipient Name and Address**
db/jdb       +   Norman E. Rolle, Aisha M. Rolle, 205 Lanning Avenue, Penns Grove, NJ 08069-1037

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2025        Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 18, 2025 at the address(es) listed below:

**Name                Email Address**

Andrew B Finberg
    courtmail@standingtrustee.com  ecf.mail_9022@mg.bkdocs.us

Denise E. Carlon
    on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Eric J Clayman
    on behalf of Debtor Norman E. Rolle Eric@Clayman-Law.com  CLAYMANLAWLLC@jubileebk.net

Eric J Clayman
    on behalf of Joint Debtor Aisha M. Rolle Eric@Clayman-Law.com  CLAYMANLAWLLC@jubileebk.net

Heather Lynn Anderson
    on behalf of Creditor State Of New Jersey Division Of Taxation heather.anderson@law.dol.lps.state.nj.us

Regina Cohen

District/off: 0312-1 | User: admin | Page 2 of 2
Date Rcvd: Dec 18, 2025 | Form ID: pdf903 | Total Noticed: 1

on behalf of Creditor Ally Bank rcohen@lavin-law.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 7